Martin F. Casey
Thomas M. Grasso
Gregory G. Barnett
**CASEY & BARNETT, LLC**
65 West 36th Street, 9th Floor
New York, New York 10018
(212) 286-0225
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
CHIQUITA BRANDS INTERNATIONAL S.A.R.L.
*f/n/a CHIQUITA INTERNATIONAL LIMITED*,

        Plaintiff,

  - against -

M/V CHIQUITA BREMEN her engines, boilers,
tackle, furniture, apparel, etc., *in rem*;
SEVEN HILLS; CHARTWORLD SHIPPING
CORP.; BREMEN SHIPPING CORP., *in personam*,

        Defendants.
-----------------------------------------------------------X

JUDGE CROTTY

'09 CIV 9465

09 Civ.

**COMPLAINT**



Plaintiff, CHIQUITA BRANDS INTERNATIONAL S.A.R.L. *f/n/a CHIQUITA INTERNATIONAL LIMITED* (hereinafter "CIL"), by and through its attorneys, CASEY & BARNETT, LLC, as and for their Complaint in a cause of action both civil and maritime, respectfully allege upon information and belief:

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Jurisdiction is predicated upon 28 U.S.C. §1333 and the General Maritime Law of the United States.

2. At all material times, CIL was and is a corporation organized and existing by virtue of the laws of a state or country other than New York with an office and place of business at A1 Business Center, Batiment B4 Zone artisanale la Piece, Rte de l'Etraz 1180 Rolle, Switzerland. CIL was and is engaged, *inter alia*, in the importation, distribution and sale of fresh fruit, including bananas, into Europe and the Mediterranean and was the owner and or successor in title to a cargo of bananas loaded onboard the M/V CHIQUITA BREMEN in October 2008.

3. At all material times, the M/V CHIQUITA BREMEN (hereinafter "vessel") was and is an oceangoing refrigerated cargo vessel built in 1992, that is flagged in the Bahamas, has the call sign C6VR4, which engages in the common carriage of merchandise by water for hire between various foreign and domestic ports and which is now, or will be during the pendency of this action, within the jurisdiction of this Honorable Court.

4. Upon information and belief, at all material times, defendant SEVEN HILLS (hereinafter "Seven Hills") was and is a foreign company with an office address c/o Eastwind Investment Company, 444 Madison Avenue, Suite 200, New York, New York 10022 and owns, operates, manages and/or charters ships, including the M/V CHIQUITA BREMEN, that operate between various foreign and domestic ports and, in particular, within this district and was the owner, owner *pro hac vice*, charterer, manager and/or operator of the M/V CHIQUITA BREMEN, and at all relevant times, was and still is doing business within the jurisdiction of this Honorable Court.

5. Upon information and belief, at all material times, defendant CHARTWORLD SHIPPING CORP. (hereinafter "Chartworld") was and is a foreign company with an office address of 2 Poseidonos Avenue & Zisimopoulou Street Glyfada, Athens, 166 74, Greece, and

owns, operates, manages and/or charters ships, including the M/V CHIQUITA BREMEN, that operate between various foreign and domestic ports and, in particular, within this district and was the owner, owner *pro hac vice*, charterer, manager and/or operator of the M/V CHIQUITA BREMEN, and at all relevant times, was and is still doing business within the jurisdiction of this Honorable Court.

6. Upon information and belief, at all material times, defendant BREMEN SHIPPING CORP. (hereinafter "BSC") was and is a foreign company with an office address of Trust Company Complex Ajeltake Road Ajeltake Island, Majuro, Marshall Islands and owns, operates, manages and/or charters ships, including the M/V CHIQUITA BREMEN, that operate between various foreign and domestic ports and, in particular, within this district and was the owner, owner *pro hac vice*, charterer, manager and/or operator of the M/V CHIQUITA BREMEN, and at all relevant times, was and still is doing business within the jurisdiction of this Honorable Court.

7. This action is brought on behalf of and for the interest of all parties who may be or may become interested in the claims herein referred to, as their respective interests may ultimately appear, and plaintiffs are entitled to maintain this action.

## RELEVANT FACTS

8. On or about October 25 – 28, 2008, CIL and/or their representatives delivered to the defendants and the M/V CHIQUITA BREMEN, a cargo of bananas and pineapples, consisting of, *inter alia,* 313,020 boxes of Fresh Green Bananas from Colombia, Panama, and Costa Rica, and 11,000 boxes of fresh Panamanian pineapples, all in good order and condition and owned by and/or consigned to CIL, for carriage aboard the M/V CHIQUITA BREMEN, to be discharged in Portugal, Italy, and Greece, all in consideration of an agreed freight and in

accordance with the terms of one or more bills of lading, which were then and there signed and delivered to the shipper of the cargo by the duly authorized agent, representative and/or employee of the defendants and the M/V CHIQUITA BREMEN.

9. Plaintiffs refer to said bills of lading for greater certainty as to the contracts of carriage which they represent and will produce the originals or copies thereof at trial.

10. During the ocean voyage from Colombia to Setubal, Portugal the vessel suffered an engine breakdown and arrived over one week late. The vessel proceeded with discharge of the fruit in Setubal and then sailed for Vado, Italy.

11. During transit from Setubal to Vado, a further engine breakdown occurred delaying the vessel another two days.

12. The vessel eventually arrived in Vado and discharged. At this time, because of the delays and consequent advanced age of the fruit, some of the fruit was damaged in the form of ripe and turning.

13. As a result of the delays, the vessel could not call Civitavecchia or Aegion and $120,000.00 of in-land trucking expenses were incurred to from the fruit from Vado.

14. As a further result of the delays, CIL sought to mitigate its potential loss by locating a market that would accept the banana consignments remaining on board the vessel.

15. CIL was forced to sell the remaining cargo in Libya at a reduced price from what it would have realized in Italy and/or Aegion. CIL incurred a loss of $680,000.00 in the price difference between Libya and Italy and/or Greece.

16. The losses sustained by CIL were not the result of any act or omission of plaintiff but, on the contrary, were due solely as the result of the negligence, fault, neglect, breach of

4

contracts of carriage, charter and bailment on the part of defendants as well as the unseaworthiness of the M/V CHIQUITA BREMEN.

17. Plaintiffs and its predecessors in title have performed all of the conditions precedent on their part to be performed under the terms of the said bills of lading and/or charter party.

18. By reason of the premises, plaintiffs had sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, but which are presently estimated at $800,000.00 plus interest.

19. Plaintiffs have a maritime lien against the M/V CHIQUITA BREMEN and *in personam* defendants for the damages referred to herein and will enforce that lien in these proceedings.

**WHEREFORE**, Plaintiffs pray:

1. That process in due form of law issue against the defendants, citing them to appear and answer under oath all and singular the matters alleged in the Complaint;

2. *In rem* service of process be issued against the M/V CHIQUITA BREMEN, her engines, boilers, tackle, furniture, apparel, etc.; that the vessel be seized and that all those claiming an interest in her be cited to appear and answer under oath both all and singular the matters aforesaid;

3. The Court order, adjudge and decree that defendants pay to plaintiff the losses sustained herein, together with pre-judgment and post judgment interest thereon and their costs; and,

4. That the plaintiff have such other, further and different relief as the Court may deem just and proper.

Dated: New York, New York
November 13, 2009
153-43

                                            **CASEY & BARNETT, LLC**
                                            Attorneys for Plaintiff

By: _____
                                            Martin F. Casey
                                            Thomas M. Grasso
                                            Gregory G. Barnett
                                            65 West 36th Street, 9th Floor
                                            New York, New York 10018
                                            (212) 286-0225